UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD WENMAN, 138134,

        Petitioner,

                          CASE NO. 09-CV-14972
v.                           HONORABLE GEORGE CARAM STEEH

DEBRA SCUTT,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING MOTION TO STAY, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Ronald Wenman ("Petitioner") has filed a petition for a writ of habeas corpus challenging his convictions for felony murder, Mich. Comp. Laws § 750.316(1)(b), and assault with intent to rob while armed, Mich. Comp. Laws § 750.89, which were imposed following a jury trial in the Jackson County Circuit Court in 2006. Petitioner was sentenced as a fourth habitual offender to life imprisonment without the possibility of parole on the murder conviction and a concurrent parolable term of life imprisonment on the assault conviction. Petitioner has also filed a motion to stay his habeas case so that he may fully exhaust state court remedies as to certain claims contained in his petition. For the reasons stated, the Court dismisses without prejudice the habeas petition and denies Petitioner's motion to stay the case. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

1

## II.     Facts and Procedural History

Petitioner's convictions arise from a robbery at a Felpausch grocery store and a murder at a Walgreen's drug store in Jackson, Michigan on August 8, 2005.  Following his convictions and sentencing, Petitioner filed a direct appeal with the Michigan Court of Appeals raising claims concerning the propriety of a photographic line-up and the admission of identification testimony, the jury voir dire, prosecutorial misconduct, the trial court's refusal to appoint an identification expert, ineffective assistance of trial counsel, and cumulative error.  The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Wenman*, No. 269838, 2008 WL 943482 (Mich. Ct. App. April 8, 2008) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, which was denied in a standard order.  *People v. Wenman*, 483 Mich. 921, 762 N.W.2d 921 (April 1, 2009).

Petitioner states that he filed a motion for relief from judgment with the state trial court in November, 2009 raising claims concerning ineffective assistance of appellate counsel, additional claims of ineffective assistance of trial counsel and actual innocence, the improper admission of other acts evidence, and the improper assessment of fees.

Petitioner dated the instant habeas petition on December 15, 2009.  His petition appears to include the claims that he raised on direct appeal of his convictions, as well as some (or perhaps all) of the claims contained in his motion for relief from judgment.  Petitioner admits that his habeas petition contains both exhausted and unexhausted claims and asks the Court stay his habeas case pending the conclusion of his state court proceedings due to concerns about the one-year statute of limitations applicable to federal habeas actions.

## III.    Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner acknowledges that he has filed a "mixed" habeas petition, containing both exhausted and unexhausted claims. He further states that he is the process of exhausting his unexhausted claims in the state courts and has a motion for relief from judgment pending in the state trial court. Petitioner must complete the state court process before seeking habeas relief in this Court. *See, e.g., Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Moreover, even if Petitioner's pending state court motion does not involve all of his current habeas claims, that proceeding may result in the reversal of his convictions on another ground, thus mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008); *Porter v. White*, No. 01-CV-72798-DT, 2001 WL 902612, *3 (E.D. Mich. Aug. 6, 2001); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916, *2 (E.D.

3

Mich. April 13, 2000). Petitioner must fully exhaust his habeas claims and complete the state court process before proceeding on federal habeas review.

Petitioner asks the Court to stay his habeas case pending the resolution of his motion for relief from judgment in the state courts. A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner, however, has not shown the need for a stay. First, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeal, *see Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on or about July 1, 2009. The one-year period then ran until the date in late November, 2009 (or early December, 2009) when Petitioner filed his motion for relief from judgment in the Jackson County Circuit Court. The one-year period will be tolled during the time in which his motion for relief from judgment is pending, and will also be tolled for his related appeals, as long as they are properly filed. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-

221 (2002).[1]  Consequently, Petitioner will have more than six months remaining of the one-year period in which to seek federal habeas relief following the conclusion of state collateral review. Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court.  While there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he has not shown good cause for failing to fully exhaust all of his potential claims in the state courts before proceeding in federal court on habeas review.[2]  Lastly, at least some of Petitioner's unexhausted claims (as contained in his state court motion for relief from judgment) appear to concern matters of federal law which may warrant further review.  Under such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

## IV.     Conclusion

For the reasons stated, the Court concludes that Petitioner has filed a "mixed" petition and that he must fully exhaust all of his claims in the state courts before proceeding in federal court on habeas review.  The Court further concludes that a stay of the proceedings is unnecessary. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  The Court makes no determination as to the merits of Petitioner's claims.

---

[1] While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). In this case, such federal time is inconsequential as it will be subsumed within the state collateral review period and tolled on that basis.

[2] Petitioner's allegations of newly-discovered evidence and/or ineffective assistance of trial and appellate counsel, while potentially explaining the failure to raise certain claims on direct appeal, do not justify the failure to raise those claims on state collateral review before proceeding on federal habeas review.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court further **DENIES** Petitioner leave to proceed in forma pauperis on appeal as any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.


Dated:  January 4, 2010

                                                S/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 4, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---